UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
DANIEL PATTON and                )
CATHRYN PATTON as Trustees       )
of PALM TREE 401K, PSP,          )
                                 )
        Plaintiffs,              )
                                 )
        vs.                      )    Case No. 2:14-CV-360
                                 )
CHAD DEUCHER, RICH CLATFELTER,   )
and MARQUIS PROPERTIES, LLC,     )
                                 )
        Defendants,              )
```

### DEFAULT JUDGMENT ORDER

This matter is before the Court on the Motion for Default Judgment, filed by Plaintiffs, Daniel Patton and Cathryn Patton as Trustees of Palm Tree 401K, PSP, on February 5, 2014 (DE #7). For the reasons set forth below, the motion is hereby **GRANTED**. The Court **ORDERS** that default judgment be entered in favor of Plaintiffs, Daniel Patton and Cathryn Patton as Trustees of Palm Tree 401K, PSP, and against Defendants, Chad Deucher, Rich Clatfelter, and Marquis Properties, LLC, as follows: (1) damages, including treble damages, in the amount of $495,000; and (2) attorneys fees in the amount of $8,865.95 (for a **total judgment of $503,865.95**), plus interest from the date of judgment as provided by law.

BACKGROUND

Plaintiffs filed suit against Defendants, Chad Deucher, Rich Clatfelter, and Marquis Properties, LLC, on October 3, 2014, alleging that defendants defrauded them of substantial sums of money in violation of 18 U.S.C. § 1961, et al., the civil Racketeer Influenced and Corrupt Organizations ("RICO") statute. Plaintiffs allege they suffered losses of at least $165,000, and that under the statute, an award of treble damages is compulsory. *See* 18 U.S.C. § 1964(c). Plaintiffs also seeks attorneys fees pursuant to 18 U.S.C. § 1964(c). Additionally, Plaintiffs brought a claim under the Indiana Crime Victims Compensation Act, I.C. § 34-24-3-4, and claims for monies due on two promissory notes.

Service was perfected to Defendants, and three proofs of service (DE #3, #4, #5), were filed with the Court on October 22, 2014. No one has appeared on behalf of Defendants, and no one has responded to the complaint on their behalf. The Clerk entered default on February 6, 2015 (DE #8).

DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgments. When a defendant fails to answer a complaint or otherwise defend himself, the Clerk can make an entry of default. Fed. R. Civ. P. 55(a); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a

2

responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge."). Entry of default must precede an entry of default judgment. *See, e.g., Hircsh v. Innovation Int'l, Inc.*, No. 91 Civ. 4130, 1992 WL 316143, at *1 (S.D.N.Y. Oct. 19, 1992). Here, the Clerk entered default on November 27, 2012 (DE #12).

In a motion for default judgment, the well-pleaded allegations of a complaint relating to the amount of damages suffered must be proved. *Yang v. Hardin,* 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci,* 879 F.2d 1488, 1497 (7th Cir. 1988)). Before the entry of default judgment, Federal Rule of Civil Procedure 55(b)(2) provides that the district court "may conduct hearings or make referrals" when it needs to conduct an accounting, or determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Such proceedings are required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citations omitted).

As long as plaintiff's allegations are well-pled, a default judgment, as a general rule, "establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co.*, 722 F.2d at 1323 (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. Of Am., Inc.*,

3

687 F.2d 182, 186 (7th Cir. 1982)).  Here, the complaint, including the numerous exhibits attached thereto, establishes that Defendants are liable to Plaintiffs for violations of the civil RICO statute, Indiana Crime Victims Compensation Act, and on two promissory notes.  Furthermore, the documents attached to the complaint demonstrate that Plaintiffs invested at least $165,000.  Both the civil RICO statute and the Indiana Crime Victims Compensation Act provide for treble damages.  Accordingly, for purposes of the instant motion, Plaintiffs have adequate established that they are entitled to damages in the amount of $495,000.  Both of these provisions also allow Plaintiffs to recover attorneys fees.  Plaintiff's counsel, by affidavit, has established that her fees of $8,865.95 are reasonable.  Therefore, attorneys fees in the amount of $8,865.95 are awarded.

CONCLUSION

For the aforementioned reasons, the Court **ORDERS** that default judgment be entered in favor of Plaintiffs, Daniel Patton and Cathryn Patton as Trustees of Palm Tree 401K, PSP, and against Defendants, Chad Deucher, Rich Clatfelter, and Marquis Properties, LLC, as follows: (1) damages, including treble damages, in the amount of $495,000; and (2) attorneys fees in the amount of $8,865.95 (for a **total judgment of $503,865.95**), plus interest from the date of judgment as provided by law.

**DATED: March 2, 2015**                     /s/ RUDY LOZANO, Judge
                                              **United States District Court**

4